IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ELBERT CARSON MYERS, ) | |
| ) | Case No. 4:07CV00027 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Before me is the *Motion to Dismiss* by the Defendant, the United States of America. For the reasons stated below, I will **GRANT** the Defendant's *Motion to Dismiss* for lack of subject matter jurisdiction. Accordingly, this case will be **DISMISSED** from the docket of this Court.

**I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Elbert Carson Myers ("Mr. Myers") filed this action against the United States, Veterans Affairs Medical Center, and Dr. Larry Lipscomb on June 11, 2007. Mr. Myers' claims essentially invoke medical malpractice tort law. On September 21, 2007, the United States Attorney notified this Court that pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), the United States would be substituted as the sole defendant in this case. The United States Attorney has brought a *Motion to Dismiss for Lack of Jurisdiction*, and the Plaintiff received a "Roseboro Notice" of the consequences of failing to respond to that motion, sent by the Court on September 28, 2007. I held a hearing in court in Danville, VA, on November 6, 2007, regarding this motion.

**II.      STANDARD OF REVIEW**

The United States, as sovereign power, is immune from suit. However it may consent to

1

be sued, with the specific terms of such consent defining the scope of a court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) defines the exclusive remedy for claims against the United States for tortious or negligent conduct of its employees, and accomplishes a limited waiver of immunity subject to that statutory scheme. 28 U.S.C. § 2679(b). However, a jurisdictional prerequisite of a claim under the FTCA is that claimants must first exhaust their administrative remedies. 28 U.S.C. § 2975(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

There is therefore no subject matter jurisdiction for judicial review by a court if a claimant does not exhaust her administrative remedies. In a case where the court lacks jurisdiction of the subject matter, the court must dismiss the case on the motion of a party or *sua sponte*. Fed. R. Civ. P. 12(h)(3).

### III.     DISCUSSION

The parties do not dispute that Mr. Myers has not filed the relevant paperwork to initiate an administrative proceeding for his claim. At the hearing I held on November 6, 2007, Mr. Myers asserted that he did not know of such a requirement, and that he has been unable to retain counsel to assist him in this process. With sympathy to Mr. Myers, this Court is without jurisdiction to entertain a complaint against the United States when it has not waived its sovereign immunity. Unless the administrative complaint process has been exhausted, the United States does not waive its sovereign immunity under the FTCA. Therefore, I must dismiss this case. Once Mr. Myers has followed the appropriate administrative procedures, he is free to re-

2

file his case in this Court.[1]

**IV. CONCLUSION**

For the reasons stated herein, I **GRANT** Defendant's *Motion to Dismiss* and this case is hereby **DISMISSED WITHOUT PREJUDICE** from the docket of this Court. The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and to the pro se Plaintiff.

Entered this 6th day of November, 2007.

s/Jackson L. Kiser<br>
Senior United States District Judge

---

[1] At the hearing on this matter, the Assistant United States Attorney expressed that there was currently no statute of limitations bar to Mr. Myers' claim. It appears from the *Complaint* that the alleged injury to Mr. Myers stems from a surgery performed on October 13, 2006. The FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b).

3

Case 4:07-cv-00027-JLK-mfu   Document 21   Filed 11/06/07   Page 3 of 3   Pageid#: 40